UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE RDI CORPORATION,

        Plaintiff/Counter-Defendant,                   19-cv-10929 -CM

 -against-

CHARTER COMMUNICATIONS, INC.,

        Defendant/Counter-Plaintiff

------------------------------------------------------------X

### DECISION AND ORDER DISPOSING OF NON-SUBSTANTIVE MOTIONS

McMahon, J.:

The following motions can be removed from the court's list of open motions:

**Dockets #44, 47, 61, 66, 81, 104**: These are unopposed motions for permission to file certain items under seal. The documents have already been filed under seal. The motions are granted but only while the summary judgment motions are being decided, with the caveat that the court is not ruling that the documents can remain under seal after the motion has been decided. At that point the court will give the parties ten days to identify any portion of the decision, and any corresponding exhibits, that they believe should remain under seal. A ruling on permanent sealing will be made at that time.

**Docket #60**: This is an opposed motion to strike the Declaration of Daniel Gaynor, which was filed in support of Charter's motion for summary judgment. The motion is DENIED. If the Gaynor affidavit is indeed not undergirded with the affiant's personal knowledge or contains legal argument, the court will simply disregard it when deciding the motions for summary judgment – and say so.

**Dockets # 43 and 78**: These are opposed cross-motions for sanctions – one filed by each party.

RDI's motion for sanctions (Docket #43) is DENIED. A full review of the record reveals that Charter pleaded two counterclaims for breach of contract against RDI and sought "actual damages" arising as a result of the breach. One of those counterclaims sought indemnification for costs incurred by Charter in defending lawsuits to which RDI's behavior had exposed it; the other sought damages as a result of RDI's failure to abide by laws applicable to the work it was doing for Charter. In its in its initial disclosures, Charter estimated it damages at $1.25 million. A few days later, in a letter to RDI dated March 31, 2020, Charter said that it would be seeking repayment

of "all amounts [Charter] paid to RDU after its breach." Whether, as RDI insists, repayment of amounts wrongfully paid does not qualify as "actual damages" is of no moment; since the beginning of this lawsuit, RDI has been on notice that Charter was seeking damages in the form of a refund of sums paid to RDI from and after it began breaching its contract. The fact that this information came, not in the form of a Rule 26 disclosure, but in a letter and a conversation, is a ridiculous basis on which to imposed sanctions; it exalts form over substance. There is, therefore, no reason to sanction Charter for supplementing its initial disclosure on January 28, 2021, which simply reiterated a theory long espoused and provided a calculation of what Charter believed that amount to be as of January 28, 2021 Since RDI knew exactly how much it had been paid by Charter throughout their relationship, it could hardly have been surprised by this disclosure.[1]

The parties agreed that depositions would continue after the court-ordered deadline for discovery – which, in view of the ongoing COVID situation, was just fine with the court. On February 4, 2021, Charter deposed RDI's corporate representative, Matt Dowd, and learned for the first time that RDI's breach (which consisted of failing to scrub leads, which resulted in many telemarketing calls to numbers that were on a "do not call" registry) had begun earlier that Charter initially believed. RDI points to no evidence in the record that should have caused Charter to be aware of this fact prior to Mr. Dowd's deposition. Three days later, Charter amended its supplemental disclosure to add in damages for the period encompassed by the breach as revealed in Mr. Dowd's deposition. The court sees no basis to penalize Charter for doing that when the parties expressly agreed that they could continue discovery after the court-ordered deadline of January 28, 2021, which the parties had proposed some months earlier (Docket #36, 37). When a party learns something new in discovery, that party is entitled to pursue the matter.

I note that RDI did not ever serve a damages interrogatory on Charter, which was foolish. The way a party fleshes out the details of a Rule 26 disclosure – which, since it is filed at the beginning of the case, is almost always sketchy – is to serve a damages interrogatory. As for Charter's asserted failure to produce documents relating to damages until January 25, 2021, shortly before the court-ordered discovery deadline: at all times from and after May 2020, when those documents allegedly should have been produced, RDI could have come to the court and sought the assistance of this judge or of the assigned Magistrate Judge in obtaining those documents. And if production was late, it could have asked for an extension of the discovery deadline. Either course is preferable to a motion for sanctions. I have checked the docket and no such applications were made.

Charter's cross motion for sanctions against RDI (Docket # 78) is also DENIED. The time for bringing up a party's alleged failure to supplement initial disclosure re: damages or to respond to a damages interrogatory is prior to the close of discovery – not in a sanctions motion. Both this court and the assigned Magistrate Judge were available at all times to referee discovery disputes in this case; no one ever asked that we do so. While I agree that RDI's attitude toward its own obligation to supplement its entirely uninformative Rule 26 disclosures was cavalier, I do not propose to deal with discovery defalcations that should have been raised long before summary judgment motions were filed via sanctions motions that were filed in connection with those

---

[1] It is not clear to the court whether Charter has abandoned its claim for indemnification – *i.e.*, reimbursement for costs it incurred in defending against the class actions to which RDI's alleged breach of contract exposed it – but I cannot tell that it has ever quantified those damages, so I assume that they are not being pursued.

summary judgment motions. Moreover, the fact that RDI's continual revision of its damages calculations (which were indeed revealed to Charter during discovery) was always downward -- a first in this court's long history of supervising commercial litigation -- is hardly something that prejudices Charter.

The court is happy to hold RDI to the amount of damages it seeks in connection with its summary judgment motion, and to preclude RDI from proving up more damages that it claimed in that motion. Its damages are, therefore, capped at $334,000. As RDI started from a damages estimate of $2.55 MILLION, Charter is coming out decidedly ahead.

The Clerk of Court is directed to remove ALL motions discussed in this order from the court's list of open motions: the motions at Dockets ## 43, 44, 47, 60, 61, 66, 78, 81 and 104. The parties will have the court's decision on the cross motions for summary judgment shortly.

This is a written decision.

Dated: December 22, 2021

_____
U.S.D.J.

BY ECF TO ALL COUNSEL